37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Fa'Dee MULAZIM, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Terry Pitcher; Mike
Turnbull; John Fuller; Donald Houseworth,
Defendants-Appellees.
 No. 93-2489.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner, Fa'Dee Mulazim, appeals a district court judgment granting summary judgment to defendants and dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Mulazim sued the Michigan Department of Corrections (MDOC) and four MDOC employees. The district court construed the complaint as brought against defendants in their individual capacities. Essentially, Mulazim alleged that the defendants violated his First Amendment right to freely practice his religion, his First Amendment right of access to the courts, and his Eighth Amendment right to be free of cruel and unusual punishment.
 
 
 3
 Mulazim claimed that the defendants deprived him of his First Amendment right to freely practice his religion because: 1) the defendants confined him in administrative segregation on two occasions; 2) the defendants transferred him within the prison system with the intent to prohibit his religious practices and to promote a rival Melanic religious group; 3) the defendants intentionally ignored and denied his grievances, pursuant to a grievance modification policy; 4) the defendants promoted a rival Melanic religious organization which refuses to accept plaintiff as its leader, thus impeding plaintiff's practice of his religion; 5) the defendants denied him telephone use and access to family members; and 6) the defendants served swine-infested food and did not allow him to wear religious headgear during visits. Mulazim claimed that the defendants denied his First Amendment right of access to the courts because: 1) the defendants prohibited him from possessing a typewriter in segregation; 2) the defendants operated an inadequate law library and did not provide adequate library access; 3) the defendants rejected his request for a footlocker to store his legal papers; 4) the defendants did not provide him with free carbon paper, stamps, and access to interdepartmental mail; and 5) the defendants refused to grant him indigent status. In addition, Mulazim claimed that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because of unlawful prison conditions such as lock-downs, limited hygiene items, and one roll of toilet paper per week.
 
 
 4
 Upon review of the parties' cross-motions for summary judgment and briefs in support, the magistrate judge concluded that Mulazim's allegations were without factual support, and thus recommended granting summary judgment for the defendants and denying summary judgment for the plaintiff. The district court adopted the magistrate judge's recommendation and dismissed the suit. Thereafter, Mulazim filed a motion requesting a civil jury trial and attached thereto untimely objections to the magistrate judge's report and recommendation. Although untimely, the district court considered Mulazim's objections in denying the motion for civil jury trial. In his timely appeal, Mulazim reasserts his denial of free exercise claims and his first ground in support of his denial of access to the courts. In addition, Mulazim argues that the defendants violated a consent judgment that guaranteed all Melanic Muslims the right to practice their religion on the same basis as all other religions. In a supplemental brief, Mulazim argues that the defendants wrongfully allowed other prisoners to create a religion based on his philosophy and wrongfully confined him in administrative segregation.
 
 
 5
 Initially, we note that Mulazim does not reassert his grounds enumerated 2 through 5 in support of his denial of access to the courts claim, nor does he assert his Eighth Amendment claim on appeal. Thus, these claims are abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Mulazim also does not challenge the dismissal of MDOC on appeal. Thus, all issues regarding MDOC are also abandoned and not reviewable on appeal. Id. In addition, Mulazim's contention that the defendants violated a consent judgment was not raised in the district court. Thus, this argument will not be reviewed on appeal because it was not first raised in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 Upon de novo review, we conclude that the district court properly granted summary judgment in favor of defendants and properly denied summary judgment for Mulazim. The court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). The court reviews the denial of summary judgment for an abuse of discretion. Southward v. South Central Ready Mix Supply Corp., 7 F.3d 487, 492 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378.
 
 
 7
 With regard to the claims preserved for appellate review, we conclude that the defendants met their initial burden of establishing an absence of evidence to support Mulazim's claims. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Id. In his motion for summary judgment and his response to the defendants' motion for summary judgment, Mulazim offered nothing but speculation and hypotheses in support of his complaint. The recurring theme of his pleadings is that the defendants are liars and have corrupted the system. His allegations fall far short of offering significant probative evidence in support of his complaint. See Cincinnati Bell Tel. Co. v. Allnet Communication Servs., Inc., 17 F.3d 921, 923 (6th Cir.1994).
 
 
 8
 In light of the defendants' evidence and Mulazim's failure to present significant probative evidence to the contrary, we conclude that the district court properly granted summary judgment to the defendants and did not abuse its discretion by denying Mulazim's motion for summary judgment. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 248 (6th Cir.1991).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.